UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAQUAN HUMPHREY,

                Plaintiff,

-against-

CORRECTION OFFICER LAMB, et al.,

                Defendants.

No. 16-cv-7965 (NSR)
OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

Plaintiff Shaquan Humphrey ("Plaintiff"), an inmate at the New York State Sing Sing Correctional Facility, commenced this *pro se* action under 42 U.S.C. § 1983 on October 12, 2016. (ECF No. 2.). Plaintiff alleges 8th Amendment violations: that while in custody, he was assaulted by several officers. Currently before the Court is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 22.) For the following reasons, Defendants' motion is GRANTED without opposition.

## BACKGROUND

**Factual Allegations**

The following facts are derived from the Complaint and the documents appended thereto, and are assumed to be true for the purposes of this motion.

Plaintiff alleges that on or about on or about September 8, 2016, as he returned to his cell, several correctional officers grabbed him, and began punching and kicking him (the "September 8th incident"). Plaintiff alleges that Sergeant Perez grabbed him from behind and placed him in a



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/2018

"full nelson," while Officers Lamb and Golf repeatedly punched and kneed him. As a result of the assault, Plaintiff sustained multiple injuries, including swelling about the face and blurry vision. Plaintiff further alleges that he filed a grievance regarding the September 8th incident, and that he also notified Captain Carrington of the incident on September 23, 2016, who took no action.

## LEGAL STANDARDS

**Rule 12(b)(6)**

Under Rule 12(b)(6), the inquiry for motions to dismiss is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation,'" or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

In determining whether a complaint states a plausible claim for relief, a district court must consider the context and "draw on its judicial experience and common sense." *Id.* at 679. A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

"In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*,

752 F.3d 239, 243 (2d Cir. 2014). "[T]he court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000). Though a court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, [it] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

Finally, "where, as here, a plaintiff proceeds *pro se*, the court must 'construe [] [his] [complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s].'" *Askew v. Lindsey*, No. 15-CV-7496 (KMK), 2016 WL 4992641, at *2 (S.D.N.Y. Sept. 16, 2016) (alterations in original) (citing *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)). Yet, "'the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law.'" *Id.* (quoting *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)).

**1983 Claims**

"Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). "To state a claim under Section 1983, a plaintiff must allege facts indicating that some official action has caused the plaintiff to be deprived of his or her constitutional rights." *Zherka v. Amicone*, 634 F.3d 642, 644 (2d Cir. 2011) (citing *Colombo v. O'Connell*, 310 F.3d 115, 117 (2d Cir. 2002) (per curiam)); see also *Ross v. Westchester Cnty. Jail*, No. 10-CV-3937, 2012 WL 86467, at *9 (S.D.N.Y. Jan. 11, 2012). A defendant's conduct must therefore be a proximate cause of the

3

claimed violation in order to find that the individual defendant deprived the plaintiff of his constitutional rights. *Ross*, 2012 WL 86467, at *9 (citing *Martinez v. California*, 444 U.S. 277, 285 (1980)). Additionally, a plaintiff seeking monetary damages against the defendant must show personal involvement on the part of the defendant in the alleged constitutional deprivation as a prerequisite to recovery under § 1983. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke,* 449 F.3d 470, 484 (2d Cir. 2006)).

### 8th Amendment Claim

Plaintiff's 1983 complaint is that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment, made applicable to the States by the Fourteenth. See *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (citing *Robinson v. California*, 370 U.S. 660 (1962)). To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Thus, a plaintiff must allege sufficient facts to demonstrate that a prison officials used force "maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline." *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir.1997) (internal citations marks omitted); see also *Banks v. Cty. of Westchester*, 168 F. Supp. 3d 682, 688 (S.D.N.Y. 2016).

Mere allegation of verbal abuse even if vile and objectionable, does not rise to the level of a constitutional violation and does not constitute a recognizable claim under 42 U.S.C. § 1983. See *Moncrieffe v. Witbeck*, No. 97–CV–253, 2000 WL 949457, at *3 (N.D.N.Y. June 29, 2000) (Mordue, J.) (allegations that corrections officer laughed at inmate not actionable under section 1983) (citation omitted); *Carpio v. Walker*, No. 95-CV-1502, 1997 WL 642543, at *6 (N.D.N.Y. Oct. 15, 1997) (Pooler, J. & DiBianco, M.J.) ("[v]erbal harassment alone, unaccompanied by any

injury, no matter how inappropriate, unprofessional, or reprehensible it might seem, does not rise to the level of an Eighth Amendment violation"). Accordingly, 42 U.S.C.§ 1983 is not designed to rectify mere harassment or verbal abuse, such as name calling. *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir.1986).

**Exhaustion**

The Prison Litigation Reform Act ("PLRA") bars a prisoner from bringing a Section 1983 action related to prison conditions unless "administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016). Accordingly "the PLRA does not require the exhaustion of all administrative remedies, but only those that are 'available' to the inmate." *Hubbs v. Suffolk Cty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015). "To be 'available' under the PLRA, a remedy must afford 'the possibility of some relief for the action complained of.'" *Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)).

## DISCUSSION

Liberally construed, Plaintiff's Complaint asserts claims for violations of the 8th Amendment. The facts as alleged are sufficient to demonstrate that prison officials, correctional officers, used force "maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline." *Boddie*, 105 F.3d at 862. Moreover, Plaintiff has alleged particular acts attributable to each of the individually named defendants to meet the personal involvement standard, a prerequisite to recovery. *Farid*, 593 F.3d at 249. Defendants contend, however, that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies. This Court agrees and finds that Plaintiff has not adequately exhausted all available administrative remedies for his claims.

In support of their motion, Defendants submit a declaration from Karen Bellamy ("Bellamy"), the Director of the Inmate Grievance Program ("IGP"). Bellamy avers that she is the custodian of records maintained by the Central Office Review Committee ("CORC"), which is tasked with rendering administrative decisions on grievances filed by inmates. Based upon her review of the records, she found that Plaintiff had made other complaints concerning the condition of the facility and an allegation of an assault which occurred on October 8, 2016, but did not file a grievance concerning the September 23rd incident. As previously referenced, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED without opposition. The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 22, deem the action closed, to mail a copy of this Opinion to Plaintiff and show proof of such mailing on the docket. This constitutes the Court's Opinion and Order.

Dated: March 14, 2018
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge